# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District | **Middle - Orlando** |
|---|---|---|
| Name:<br>**Mackle Vincent Shelton** | | Docket or Case No.:<br>**(T.B.A.)**<br>6:07-CV-839-ORL-31KRS |
| Place of Confinement:<br>**New River West C.I., 7819 NW 228th St., Raiford, FL  32026-3500** | | Prisoner No.:<br>**X10397** |
| Petitioner (<u>include</u> the name under which you were convicted)<br><br>**MACKLE VINCENT SHELTON** | v. | Respondent (authorized person having custody of petitioner)<br><br>**JAMES V. McDONOUGH** |
| The Attorney General of the State of<br>**Hon. Bill McCullum, Attorney General of Florida** | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   Circuit Court of the Ninth Judicial Circuit, Osceola County, Florida

   (b) Criminal docket or case number:  CR04-2954

2. (a) Date of the judgment of conviction:  August 5, 2005

   (b) Date of sentencing:  August 5, 2005

3. Length of sentence:  Ct. 4 - 18 years FSP.; Ct. 5 – 5 years FSP; Cts. 6, 7, 9 – 60 days

4. In this case, were you convicted on more than one count or more than one crime?     Yes ☑  No ☐

5. Identify all crimes of which you were convicted and sentenced in this case:
   Ct. 4 – Del. of Cocaine; Ct. 5 – Fleeing or Eluding; Ct. 6 – Driving While Lic.
   Suspended or Revoked; Ct. 7 – Reckless Driving; Ct. 9 – Crim. Mischief

6. (a) What was your plea? (Check one)
   (1)  Not guilty ☑          (3)  Nolo Contendere (no contest) ☐
   (2)  Guilty ☐              (4)  Insanity ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   Not Applicable

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☑        Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☑        No ☐

8. Did you appeal from the judgment of conviction?

Yes ☑        No ☐

9. If you did appeal, answer the following:

(a) Name of court:   Fifth District Court of Appeal

(b) Docket or case number: (if you know)   5D05-2877

(c) Result:   Judgment and Sentence, Affirmed.

(d) Date of result:   June 13, 2006; Mandate: June 30, 2006.

(e) Citation to case:   932 So.2d 212 (Fla. 5th DCA 2006) (table).

(f) Grounds raised:   1) Denial of due process and equal protection in being denied means to utilize sentence error correction procedures of Rule 3.800(b)(2); 2) denial of due process and fair and impartial trial by improper prosecutorial closing arguments; 3) 18 year sentence for delivery of cocaine is illegal and unconstitutional in violation of due process in exceeding limits for strict liability offense; 4) habitual felony offender sentence for delivery of cocaine prohibited by statute.

(g) Did you seek further review by a higher state court?        Yes ☐        No ☑
    If yes, answer the following:

(1) Name of court:   Not Applicable.

(2) Docket or case number:   Not Applicable.

(3) Result:   Not Applicable.

(4) Date of result:   Not Applicable.

(5) Citation to the case:   Not Applicable.

(6) Grounds raised:   Not Applicable.

(h) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☑

If yes, answer the following:

(1) Docket or case number:   Not Applicable.

(2) Result:  Not Applicable.

(3) Date of result:   Not Applicable.

(4) Citation to the case:  Not Applicable.

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☑     No ☐

11. If your answer to question 10 was "Yes," give the following information:

(a)  (1) Name of court:   Circuit Court of the Ninth Jud.Cir.- Osceola Co., Florida.

(2) Docket or case number:   CR04-2954

(3) Date of filing:  August 22, 2006

(4) Nature of the proceeding:  Rule 3.850 Motion for Post-Conviction Relief

(5) Grounds raised:   1) Count 4 – delivery of cocaine sentence of 18 years is unconstitutional and illegal as excessive for a strict liability offense; 2) Count 4 – delivery of cocaine habitual felony offender sentence illegal as not authorized by law where delivery of cocaine is an offense "related to" the possession of a controlled substance; 3) Ineffective Assistance of Counsel (IAC) – failure to object to illegal sentence (on grounds specified in preceding Grounds 1 and 2); 4) IAC – failure to object to improper prosecutorial comments; 5) IAC – failure to argue evidence establishing a reasonable doubt as to Count 4 – delivery of cocaine offense; 6) IAC – failure to effectively cross-examine state witnesses to elicit exculpatory evidence as to Count 4 – delivery of cocaine offense; and 7) IAC – cumulative effect of counsel's trial deficiencies denied Defendant effective assistance of counsel and a fair and impartial trial and due process as to the Count 4 – delivery of cocaine offense.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐     No ☑

(7) Result:  Motion denied.

(8) Date of result:  November 8, 2006

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:  N/A

    (2) Docket or case number:  N/A

    (3) Date of filing:  N/A

    (4) Nature of the proceeding:  N/A

  (5) Grounds raised:  N/A

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
        Yes ☐    No ☐    N/A

    (7) Result:  N/A

    (8) Date of result:  N/A

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:  N/A

    (2) Docket or case number:  N/A

    (3) Date of filing:  N/A

    (4) Nature of the proceeding:  N/A

    (5) Grounds raised:  N/A

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
        Yes ☐    No ☐

    (7) Result:  N/A

    (8) Date of result:  N/A

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    Yes ☑    No ☐

    (2) Second petition:  Yes ☐    No ☐

    (3) Third petition:    Yes ☐    No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:
    N/A

12. For this petition state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State <u>facts</u> supporting each ground.

   <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

## <u>GROUND 1</u>: DEFENDANT'S COUNT 4 – DELIVERY OF COCAINE SENTENCE OF 18 YEARS IS UNCONSTITUTIONAL AS EXCESSIVE FOR A STRICT LIABILITY OFFENSE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

   By enactment in 2002 of § 893.101, Fla. Stat., which removed "knowledge" as an essential element of any drug offense, Florida eliminated the mens rea requirement for commission of any of the various drug offenses under Florida law.

   Such, as a matter of law, thereby transformed such drug offenses, such as the Count 4 – delivery of cocaine offense charge here, into strict liability offenses for which a sentence in excess of imprisonment for one year would violate the Due Process Clauses of the U.S. Constitution.

   My 18 year sentence on Count 4 for the strict liability offense of delivery of cocaine therefore exceeds the maximum authorized by law under the Due Process Clauses of the U.S. Constitution, which restricts the sentence for a strict liability offense to no more than imprisonment for one-year.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

N/A – claim was exhausted

## (c) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑    No ☐

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:  N/A

## (d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ☑    No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  Rule 3.850 Motion for Post-Conviction Relief

Name and location of the court where the motion or petition was filed:  9th Jud.Cir. - Osceola County.

Docket or case number (if you know):  CR04-2954

Date of the court's decision:  November 8, 2006

Result (attach a copy of the court's opinion or order, if available):  Motion denied  (See attached Appendix A)

(3) Did you receive a hearing on your motion or petition?   Yes ☐    No ☑

(4) Did you appeal from the denial of your motion or petition?   Yes ☑    No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise the issue in the appeal?

Yes ☑    No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   Fifth District Court of Appeal

Docket or case number (if you know):  5D06-4180

Date of the court's decision:   Mandate issued March 23, 2007

Result (attach a copy of the court's opinion or order, if available):   Denial of Motion for
Post-Conviction Relief, affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:   N/A – Issue was raised on appeal

(e) **Other Remedies:**  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:   None.

**GROUND 2: DEFENDANT'S COUNT 4 – DELIVERY OF COCAINE HABITUAL FELONY OFFENDER SENTENCE IS ILLEGAL AS NOT AUTHORIZED BY LAW WHERE DELIVERY OF COCAINE IS AN OFFENSE "RELATED TO" THE POSSESSION OF A CONTROLLED SUBSTANCE, THEREBY VIOLATING DUE PROCESS**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

The habitual felony offender statute under which I was sentenced for the Count 4 – delivery of cocaine offense provides that a habitual felony offender sentence may be imposed only where:

> "The felony for which the defendant is to be sentenced... is not a violation of § 893.13 relating to the purchase or possession of a controlled substance." (Emphasis added).

The offense of delivery of cocaine is, as a matter of law and legal definition, an offense "related to" the possession of a controlled substance.

The habitual felony offender sentence imposed upon me for the Count 4 – delivery of cocaine offense was therefore illegal as not authorized by law. This sentence not authorized by law violates my right to due process as accorded by the U.S. Constitution.

(b) If you did not exhaust your state remedies on Ground Two, explain why:
N/A – claim was exhausted

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☑      No ☐

(2) If you did not raise this issue in your direct appeal, explain why:   N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes ☑   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Rule 3.850 Motion for Post-Conviction Relief

Name and location of the court where the motion or petition was filed:   9th Jud.Cir. - Osceola County.

Docket or case number (if you know):   CR04-2954

Date of the court's decision:   November 8, 2006

Result (attach a copy of the court's opinion or order, if available):   Motion denied  (See attached Appendix A)

(3) Did you receive a hearing on your motion or petition?   Yes ☐   No ☑

(4) Did you appeal from the denial of your motion or petition?   Yes ☑   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise the issue in the appeal?   Yes ☑   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   Fifth District Court of Appeal

Docket or case number (if you know):   5D06-4180

Date of the court's decision:   Mandate issued March 23, 2007

Result (attach a copy of the court's opinion or order, if available):   Denial of Motion for Post-Conviction Relief, affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:   N/A – Issue was raised on appeal

(e) **Other Remedies:**  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:   None.

## GROUND 3: INEFFECTIVE ASSISTANCE OF COUNSEL – FAILURE TO OBJECT TO ILLEGAL SENTENCE (on grounds specified in preceding Grounds 1 and 2)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

As established in the preceding Grounds 1 and 2, my sentence is illegal on the bases that: 1) an 18 year sentence exceeds constitutional limits for the strict liability offense of delivery of cocaine; and 2) a habitual felony offender sentence is not authorized by law for the offense of delivery of cocaine where such is an offense "related to" the possession of a controlled substance. (See preceding Grounds 1 and 2).

In addition to those grounds as independent illegal sentence claims, I also assert my attorney was ineffective, in violation of my 6th and 14th Amendment rights to effective assistance of counsel, in failing to object to my Count 4 – delivery of cocaine sentence on those grounds. The legal bases for such objections by my attorney were well established at the time of my sentencing and would have been raised at sentencing by any reasonably competent attorney.

Had my attorney not failed to object to my sentence – such as to appraise the sentencing court of the legal limits permitted – a sentence within those limits would have been required (i.e., a non-habitual sentence of no more than imprisonment for one year), instead of the unconstitutional 18 year and unauthorized habitual felony offender sentence which was imposed. Had the sentencing court been disinclined to impose a sentence within the permitted legal limits (as set forth in the preceding Grounds 1 and

2), my attorney's objections would have preserved those sentencing arguments for appellate review and I would have ultimately prevailed on the legal merits.

(b) If you did not exhaust your state remedies on Ground Three, explain why:

N/A – claim was exhausted

(c) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐     No ☑

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: Issue not cognizable on direct appeal.

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ☑    No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 3.850 Motion for Post-Conviction Relief

Name and location of the court where the motion or petition was filed: 9th Jud.Cir. - <u>Osceola County</u>.

Docket or case number (if you know): CR04-2954

Date of the court's decision: November 8, 2006

Result (attach a copy of the court's opinion or order, if available): <u>Motion denied (See attached Appendix A)</u>

    (3) Did you receive a hearing on your motion or petition?    Yes ☐    No ☑

    (4) Did you appeal from the denial of your motion or petition?    Yes ☑    No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise the issue in the appeal?

      Yes ☑     No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   Fifth District Court of Appeal

Docket or case number (if you know):   5D06-4180

Date of the court's decision:   Mandate issued March 23, 2007

Result (attach a copy of the court's opinion or order, if available):   Denial of Motion for Post-Conviction Relief, affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:   N/A – Issue was raised on appeal

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:   None.

**GROUND 4**: IMPROPER CLOSING ARGUMENTS BY PROSECUTOR DENIED DEFENDANT FAIR AND IMPARTIAL TRIAL AND DUE PROCESS (as related to Count 4 – delivery of cocaine offense)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

At my trial, the prosecutor made numerous improper comments (set forth and described specifically below) during closing arguments. These comments, both individually and cumulatively, were of such nature as to have violated my rights to a fair and impartial trial and due process as guaranteed by the 5th, 6th, and 14th Amendments to the U.S. Constitution.

Specifically, I was denied a fair and impartial trial and due process by the following improper comments (by category; underlining to designate particularly improper words or phrases):

   A) <u>Improper Expression of Personal Opinion and Belief in Guilt of Accused (as to Count 4 – Delivery of Cocaine Offense)</u>

       "The Defendant went there to sell Jerry Yon cocaine." (T312).

       "Did he deliver any cocaine to Jerry Yon?  <u>Yes</u>." (T312).

       "Did the Defendant deliver any cocaine to Jerry Yon? <u>Yes</u>." (T313).

       "He [Jerry Yon] got the dope from the person that he knew would bring him some dope, <u>and he did</u>..." (T315)

       "He [Defendant] didn't go there to chat with Jerry Yon, as he says. He went there to deliver cocaine to him." (T322).

B) <u>Improper Attack Upon Testimony of Defendant (as to Count 4 – Delivery of Cocaine Offense)</u>

"In short, the Defendant's entire testimony was fascinating beyond belief and not worthy of your belief." (T313).

"He [Defendant] didn't go there to chat with Jerry Yon, as he says. He went there to deliver cocaine to him." (T322).

C) <u>Improper Bolstering of State Witness Credibility (as to Count 4- Delivery of Cocaine Offense</u>

"Jerry Yon... He has nothing to gain by his testimony in this case. There are – there's nothing; no reason for you to believe that he has anything to gain by his testimony in this case. (T314).

"You have testimony from Jerry Yon, who has nothing to gain by his testimony about the delivery that took place and why he did it." (T321).

## <u>PREJUDICE TO TRIAL FROM IMPROPER COMMENTS</u>

These comments were highly prejudicial to the fairness and reliability of my trial. As to the Count 4 – delivery of cocaine offense, my case was a straight credibility contest between police informant Jerry Yon and myself as to whether I met Yon to deliver cocaine as Yon claimed (see T187 – 188) or, as I testified, met Yon only to discuss a possible future sale of cocaine due to my refusal to discuss such matters over the telephone (see T274-75).

It is reasonably likely that had the jury not been misled by the State's improper closing arguments the result of my trial on the Count 4 charge of delivery of cocaine would have been different. Had the prosecutor not expressed his personal belief that the transaction did occur and not vouched for Yon's version of events, the jury would have found a reasonable doubt to exist and acquitted, because otherwise a plausible theory of innocence existed that I did not deliver cocaine to Yon as he claimed.

While Officer Wiley Black testified he searched Yon and the vehicle prior to the meeting (T131), Officer Black did not testify to having searched Yon's girlfriend who accompanied Yon and Black to the meeting. (T204). Officer Black was unable to maintain continual observation of Yon and his girlfriend, because Officer Black was lying down in the back seat of the vehicle (T134, 149).

A reasonable theory of innocence, and thus reasonable doubt, therefore existed of whether I delivered cocaine to Yon as he claimed, since it was equally plausible that Yon's girlfriend provided Yon, after his being searched and provided funds by Officer Black, with cocaine (possible even that she andYon had obtained from the purchase the police had initially observed them making – see T155) which Yon then used to claim to have obtained from me and Yon giving his girlfriend the funds provided by the police.

This theory of innocence was especially plausible when it is considered that it is the only theory offering a valid explanation for several key unanswered questions at trial, such as:

a) Yon's inexplicable exiting of the vehicle at the meeting when he was not supposed to (T128-30, 150);

b) the reason only a small portion of the amount of cocaine Yon claimed would be delivered was produced by Yon as a result of the claimed "transaction" (T156);

c) the reason no money was recovered (T157-58).

(b) If you did not exhaust your state remedies on Ground Four, explain why:

N/A – claim was exhausted

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☑     No ☐

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:   N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?     Yes ☐     No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   N/A

Name and location of the court where the motion or petition was filed:   N/A

Docket or case number (if you know):   N/A

Date of the court's decision:   N/A

Result (attach a copy of the court's opinion or order, if available):   N/A

(3) Did you receive a hearing on your motion or petition?   Yes ☐     No ☐

(4) Did you appeal from the denial of your motion or petition?   Yes ☐     No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    N/A _____

Docket or case number (if you know):   N/A _____

Date of the court's decision:    N/A _____

Result (attach a copy of the court's opinion or order, if available):    N/A _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:   N/A _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:   None. _____

**GROUND 5: INEFFECTIVE ASSISTANCE OF COUNSEL – FAILURE TO OBJECT TO IMPROPER PROSECUTORIAL COMMENTS DURING CLOSING ARGUMENTS** (as related to Count 4 – delivery of cocaine offense)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

My attorney was ineffective, in violation of my 6th and 14th Amendment rights to effective assistance of counsel, in failing to object to improper comments, both individually and cumulatively, made by the prosecutor during closing arguments (as set forth and specified in the preceding Ground 4). The prosecutor's improper comments were of such nature as to have denied me a fair and impartial trial and due process in violation of the 5th, 6th, and 14th Amendments to the U.S. Constitution.

Any reasonably competent attorney would have objects to these improper comments and requested a curative instruction (which may have alleviated some of the prejudicial impact) or a mistrial (as was more properly warranted and required due to the nature and severity of the comments).

Had my attorney objected to the improper comments, a reasonable probability exists the result of my trial as to the Count 4 – delivery of cocaine offense would have been different (see Prejudice section set forth in preceding Ground 4).

(b) If you did not exhaust your state remedies on Ground Five, explain why: _____
_____ N/A – claim was exhausted _____

(c) **Direct Appeal of Ground Five:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☑

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: <u>Issue not cognizable</u>
<u>on direct appeal.</u>

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ☑    No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   <u>Rule 3.850 Motion for Post-Conviction Relief</u>

Name and location of the court where the motion or petition was filed:   <u>9th Jud.Cir. -</u>
<u>Osceola County</u>.

Docket or case number (if you know):   <u>CR04-2954</u>

Date of the court's decision:   <u>November 8, 2006</u>

Result (attach a copy of the court's opinion or order, if available):   <u>Motion denied  (See</u>
<u>attached Appendix A)</u>

(3) Did you receive a hearing on your motion or petition?   Yes ☐    No ☑

(4) Did you appeal from the denial of your motion or petition?   Yes ☑    No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise the issue in the appeal?
Yes ☑    No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   <u>Fifth District Court of Appeal</u>

Docket or case number (if you know):   <u>5D06-4180</u>

Date of the court's decision:   <u>Mandate issued March 23, 2007</u>

Result (attach a copy of the court's opinion or order, if available):   <u>Denial of Motion for</u>
<u>Post-Conviction Relief, affirmed</u>

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:   <u>N/A – Issue was raised on appeal</u>

**(e) Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Five:   <u>None.</u>

## GROUND 6: INEFFECTIVE ASSISTANCE OF COUNSEL – FAILURE TO ARGUE EVIDENCE ESTABLISHING A REASONABLE DOUBT AS TO COUNT 4 – DELIVERY OF COCAINE OFFENSE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

My attorney was ineffective, in violation of my 6th and 14th Amendment rights to effective assistance of counsel, in failing to argue to the jury key evidentiary facts such as to substantiate my defense to the Count 4 offense of delivery of cocaine and which would have demonstrated to the jury that a reasonable doubt existed as to that offense.

Specifically, my attorney failed to point out to the jury in closing arguments that while Officer Wiley Black testified he searched Yon and the vehicle prior to the meeting (T131), Officer Black did not testify to having searched Yon's girlfriend who accompanied Yon and Officer Black to the meeting (T204), and further that Officer Black was unable to maintain continual observation of Yon and his girlfriend, because Officer Black was lying down in the back seat of the vehicle. (T134, 149).

From these evidentiary facts, my attorney should have – such as to have supported my asserted trial defense and demonstrate the existence of a reasonable doubt as to the Count 4 offense of delivery of cocaine – argued to the jury that it was equally plausible that Yon's girlfriend provided Yon, after his being searched and provided funds by Officer Black, with cocaine (possibly even that she and Yon had obtained from the purchase the police had initially observed them making – see T155) which Yon then used to claim to have obtained from me and Yon giving his girlfriend the funds provided by the police.

It is likely that, but for my attorney's failure to point out these evidentiary facts, the jury would have had a reasonable doubt of guilt as to the Count 4 offense of delivery of cocaine and would have acquitted. The key issue of dispute at trial on the delivery charge hinged directly on whether the jury believed Yon's claim I delivered him cocaine (T187-88) or my testimony that I did not (T274-75).

The State made particular effort to support Yon's version by eliciting testimony from Officer Black that he searched Yon and his vehicle "to make sure he did not have anything illegal or any other funds on him other from what we've given him." (T131). However, without argument to oppose that testimony – which my attorney failed to do and which could have accomplished by pointing out that no testimony was given of having searched Yon's girlfriend – such incorrectly misled the jury to assume therefrom that the cocaine Yon later produced from the alleged "transaction" could only have come from me. Yet, this was an unsupported assumption, because, as shown, the cocaine produced by Yon could just as easily come from Yon's girlfriend.

Additionally, had my attorney pointed out the plausible theory of innocence which derives from those evidentiary facts, such would have been especially persuasive to the jury as the only theory offering a valid explanation for several key unanswered questions at trial, such as:

a) Yon's inexplicable exiting of the vehicle at the meeting when he was not supposed to (T128-30, 150);

b) the reason only a small portion of the amount of cocaine Yon claimed would

be delivered was produced by Yon claimed would be delivered was produced

by Yon as a result of the claimed "transaction" (T156);

c) the reason no money was recovered (T157-58).

(b) If you did not exhaust your state remedies on Ground Six, explain why: _____

N/A – claim was exhausted

**(c) Direct Appeal of Ground Six:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐        No ☑

(2) If you did not raise this issue in your direct appeal, explain why:  Issue not cognizable
on direct appeal.

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a
state trial court?        Yes ☑        No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Rule 3.850 Motion for Post-Conviction Relief

Name and location of the court where the motion or petition was filed:   9th Jud.Cir. -
Osceola County.

Docket or case number (if you know):   CR04-2954

Date of the court's decision:  November 8, 2006

Result (attach a copy of the court's opinion or order, if available):   Motion denied  (See
attached Appendix A)

(3) Did you receive a hearing on your motion or petition?   Yes ☐        No ☑

(4) Did you appeal from the denial of your motion or petition?  Yes ☑  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise the issue in the appeal?
Yes ☑  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  Fifth District Court of Appeal

Docket or case number (if you know):  5D06-4180

Date of the court's decision:  Mandate issued March 23, 2007

Result (attach a copy of the court's opinion or order, if available):  Denial of Motion for
Post-Conviction Relief, affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise
this issue:  N/A – Issue was raised on appeal

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative
remedies, etc.) that you have used to exhaust your state remedies on Ground Six:  None.

## GROUND 7: INEFFECTIVE ASSISTANCE OF COUNSEL – FAILURE TO EFFECTIVELY CROSS-EXAMINE STATE WITNESSES TO ELICIT EXCULPATORY EVIDENCE AS TO COUNT 4 – DELIVERY OF COCAINE OFFENSE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

At trial, Officer Ryan Berry testified that after Jerry Yon agreed to cooperate they had Yon place a call to me for the purpose of having me meet Yon. (T93). Officer Wiley Black then testified that Yon had claimed he could purchase cocaine from me (T126), which resulted in Yon calling me to meet (T132). Officer Black testified that: "We actually called him twice." (T132)(emphasis added).

That testimony by Officer Black incorrectly misled the jury to believe that law enforcement was privy to the telephone conversation between Yon and myself and had actually heard me agree to deliver cocaine to Yon. (See Officer Black's testimony at T128 – "Our initial plan was to do a purchase from E.L. for a hundred dollars of crack. That's what the initial deal was set up for.")

In actually, no person was privy to what I said during Yon's telephone call to me, except Yon himself. (See October 6, 2004, Sworn Statement of Deputy Wiley Black to FDLE Special Agent Michael Lanfersiek, p. 2 – "I gave him my cell phone, he dialed the number, uh, he talked to some guy on the other end..."). My attorney should have been fully aware of this fact, as such information was provided to him in the State's discovery disclosures.

My attorney was ineffective, in violation of my 6th and 14th Amendment rights to effective assistance of counsel, in failing to cross-examined Officer Berry and Officer Black to establish that they were not privy to what I said during Yon's telephone call to me. This failure of my attorney was highly prejudicial to my defense as to the charged Count 4 offense of delivery of cocaine.

My testimony was that while Yon did call to ask to purchase cocaine, I informed him that I did not have any and did not discuss those matters over the telephone, but would met him to talk. (T274-75, 281, 285).

Had my attorney not failed to effectively cross examine Officer Berry and Officer Black to establish that they were not privy to what I said during Yon's call to me – demonstrating the issue to be solely a matter of credibility between Yon's testimony and my testimony – a reasonable probability exists the outcome of my trial as to the Count 4 – delivery of cocaine offense would have been different. It was only by the jury being allowed to incorrectly believe that Yon's version was corroborated by Officer Berry and Officer Black (i.e., that they had heard me agree to deliver cocaine to Yon) that the jury was persuaded to believe Yon's testimony.

Had the jury been made aware that this was in fact not the case (i.e., that the officers in actuality had no direct knowledge of what I said in response to Yon's inquiries during the call), the jury would not have accepted Yon's uncorroborated testimony to support a finding of proof beyond a reasonable doubt as to the Count 4 offense of delivery of cocaine. Such conclusion is supported by the plethora of other

unexplained circumstances surrounding Yon's version of events (see prejudice discussion of preceding Grounds 5 and 6, adopted and incorporated here by reference, especially regarding unexplained events – Yon's inexplicable exiting of vehicle, producing only fraction of supposed amount of cocaine to be delivered, no money recovered – all of which supported a plausible theory of innocence that Yon falsely created the claimed "transaction").

(b) If you did not exhaust your state remedies on Ground Seven, explain why: _____
N/A – claim was exhausted

(c) **Direct Appeal of Ground Seven:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐    No ☑

(2) If you did not raise this issue in your direct appeal, explain why: Issue not cognizable on direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ☑    No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 3.850 Motion for Post-Conviction Relief

Name and location of the court where the motion or petition was filed: 9th Jud.Cir. - Osceola County.

Docket or case number (if you know): CR04-2954

Date of the court's decision: November 8, 2006

Result (attach a copy of the court's opinion or order, if available):    Motion denied  (See
attached Appendix A)

(3) Did you receive a hearing on your motion or petition?    Yes ☐    No ☑

(4) Did you appeal from the denial of your motion or petition?    Yes ☑    No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise the issue in the appeal?
    Yes ☑    No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    Fifth District Court of Appeal

Docket or case number (if you know):    5D06-4180

Date of the court's decision:    Mandate issued March 23, 2007

Result (attach a copy of the court's opinion or order, if available):    Denial of Motion for
Post-Conviction Relief, affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise
this issue:    N/A – Issue was raised on appeal

(e) **Other Remedies:**  Describe any other procedures (such as habeas corpus, administrative
remedies, etc.) that you have used to exhaust your state remedies on Ground Seven:    None.

**GROUND 8**: INEFFECTIVE ASSISTANCE OF COUNSEL – CUMULATIVE EFFECT OF COUNSEL'S TRIAL DEFICIENCIES DENIED DEFENDANT EFFECTIVE ASSISTANCE COUNSEL AND A FAIR AND IMPARTIAL TRIAL AND DUE PROCESS AS TO THE COUNT 4 – DELIVERY OF COCAINE OFFENSE

a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

As a result of the foregoing errors of my attorney (Grounds 3, 5, 6, & 7), the cumulative impact of those errors and prejudice therefrom was such as to deprive me of effective assistance of counsel and a fair and impartial trial and due process as guaranteed by the 5th, 6th, and 14th Amendments to the U.S. Constitution as to the Count 4 offense of delivery of cocaine.

When the overall, cumulative prejudice to the fairness and reliability of my trial on the Count 4 offense of delivery of cocaine from the several deficiencies of my attorney is considered a reasonable probability exist the outcome of my trial as to that offense would have been different.

(b) If you did not exhaust your state remedies on Ground Eight, explain why: _____
N/A – claim was exhausted

(c) **Direct Appeal of Ground Eight:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☑

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:   Issue not cognizable
on direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ☑    No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Rule 3.850 Motion for Post-Conviction Relief

Name and location of the court where the motion or petition was filed:    9th Jud.Cir. - Osceola County.

Docket or case number (if you know):    CR04-2954

Date of the court's decision:    November 8, 2006

Result (attach a copy of the court's opinion or order, if available):    Motion denied  (See attached Appendix A)

(3) Did you receive a hearing on your motion or petition?    Yes ☐    No ☑

(4) Did you appeal from the denial of your motion or petition?    Yes ☑    No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise the issue in the appeal?
Yes ☑    No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    Fifth District Court of Appeal

Docket or case number (if you know):    5D06-4180

Date of the court's decision:    Mandate issued March 23, 2007

Result (attach a copy of the court's opinion or order, if available):    Denial of Motion for Post-Conviction Relief, affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:    N/A – Issue was raised on appeal

(e) **Other Remedies:**  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Eight:    None.

**GROUND 9: DENIAL OF DUE PROCESS AND EQUAL PROTECTION WHERE DEFENDANT WAS DENIED MEANS TO UTILIZE SENTENCING ERROR CORRECTION PROCEDURES OF FLA.R.CRIM.P. 3.800(B)(2)**

b) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

On my direct appeal, after my appeal attorney moved to withdraw pursuant to Anders v. California, I requested the Florida Fifth District Court of Appeal to permit me to seek to correct sentencing errors (specifically, those advanced in the preceding Grounds 1 and 2) pursuant to the sentencing error correction procedures of Fla.R.Crim.P. 3.800(b)(2).

Though other Florida district courts of appeal permitted pro se appellants to avail themselves of the sentencing error correction procedures of Fla.R.Crim.P. 3.800(b)(2) after counsel had moved to withdraw pursuant to Anders v. California, my district, the Fifth District Court of Appeal, did not. The Fifth District further did not permit me, as I also requested, to proceed discharge appellate counsel and represent myself as a means to utilize the sentencing error correction procedures of Fla.R.Crim.P. 3.800(b)(2), despite the fact the Fifth District in its own decisional law provided that option as a means to allow use of the sentencing error correction procedure of Fla.R.Crim.P. 3.800(b)(2).

The Fifth District Court of Appeal's precluding of me from utilizing the sentencing error correction procedures of Fla.R.Crim.P. 3.800(b)(2), and thereby from being heard on the sentencing error issues at a meaningful time and in a meaningful

manner, violated my rights to both procedural and substantive due process in violation of my 5th and 14th Amendment rights. Additionally, since appellants in other districts (such as the First and Second District Courts of Appeal) were permitted to utilize the sentencing error correction procedures of Fla.R.Crim.P. 3.800(b)(2) where appointed appellate counsel had moved to withdraw pursuant to Anders, I was also denied equal protection of the laws in violation of my 14th Amendment rights.

I was prejudiced by the exclusion from the sentencing error correction procedures of Fla.R.Crim.P. 3.800(b)(2) in that that procedure provided particular protocols to specifically address and correct sentencing "errors," not afforded by the more stringent alternative procedures of Rule 3.800(a) or Rule 3.850. By Rule 3.800(b)(2) a sentencing error can be preserved for review on direct appeal and subject the claim to those more favorable appeal review standards applicable to preserved claims, whereas Rule 3.800(a) and Rule 3.850 are post-conviction procedures subject to more rigorous review standards. Had I been able to raise and seek correction of the sentencing errors I had sought to correct (particularly, those issues specified in the preceding Grounds 1 and 2) under the sentencing error correction procedures of Fla.R.Crim.P. 3.800(b)(2), those claims would have prevailed had they been reviewed under that procedure and would have resulted in the imposition of a lesser sentence.

(b) If you did not exhaust your state remedies on Ground Nine, explain why: _____

_____ N/A – claim was exhausted _____

(c) **Direct Appeal of Ground Nine:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☑     No ☐

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:  N/A

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?     Yes ☐    No ☑

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  N/A

Name and location of the court where the motion or petition was filed:  N/A

Docket or case number (if you know):  N/A

Date of the court's decision:  N/A

Result (attach a copy of the court's opinion or order, if available):  N/A

    (3) Did you receive a hearing on your motion or petition?  Yes ☐    No ☐

    (4) Did you appeal from the denial of your motion or petition?  Yes ☐    No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐     No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  N/A

Docket or case number (if you know):  N/A

Date of the court's decision:  N/A

Result (attach a copy of the court's opinion or order, if available):  N/A

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:  N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Nine:  None.

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    Yes ☑    No ☐

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:    N/A

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:    N/A – all grounds have been presented.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    Yes ☐    No ☑

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result of each petition, application, or motion filed. Attach a copy of any court opinion or order.    Not Applicable.

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    Yes ☐    No ☑

    If "Yes," state the name and location of the court, the docket of case number, the type of Proceeding, and the issues raised:    Not Applicable.

16. Give the name and address of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing:    Office of the Public Defender, 9th Jud. Cir. – Osceola Co.

    (b) At arraignment or plea:    Gregory A. Meeks, II, Esq., 37 N. Orange Ave., Ste.500, Orlando, FL 32801

(c) At trial: _Same as "b"._

(d) At sentencing: _Same as "b"._

(e) On appeal: _Tomislav D. Golik, Esq., Asst. P.D., 7th Jud.Cir. (Appeals Div.)_

(f) In any post-conviction proceeding: _None._

(g) On appeal from any ruling against you in a post-conviction proceeding: _None._

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐     No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _Not Applicable_

(b) Give the date the other sentence was imposed: _Not Applicable._

(c) Give the length of the other sentence: _Not Applicable._

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?     Yes ☐     No ☐     N/A

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) does not bar your petition.

Petition is timely filed.

Conviction final on September 11, 2006 (90 days after affirmance of direct appeal on
    June 13, 2006).

Time tolled:  August 22, 2006 – March 23, 2007
    Rule 3.850 Motion for Post-Conviction Relief filed on August 22, 2006; Motion
    denied on November 8, 2006; Timely Notice of Appeal filed November 27, 2006
    (Shelton v. State, Case No. 5D06-4180); Denial of Rule 3.850 motion affirmed on
    March 7, 2007; Mandate issued March 23, 2007.

Federal Habeas Petition filed (mail box rule):  May 15, 2007

Time out of court:  March 23, 2007 – May 15, 2007      53 days

Total AEDPA Time Expired      53 days
                    −365 days

Federal Habeas Petition Timely by      312 days

Therefore, petitioner asks the Court grant the following relief:

    a) grant evidentiary hearing; and

    b) vacate conviction and sentence;

or any other relief to which petitioner may be entitled.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on May 15, 2007

Executed on May 15, 2007

Mackel Vincent Shelton, DC# X10397
New River West C.I.
7819 N.W. 228th Street
Raiford, FL 32026-3500

If the person signing is not the petitioner state the relationship to petitioner and explain why petitioner is not signing this petition   Not Applicable

\*   \*   \*   \*

# APPENDIX A

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR OSCEOLA COUNTY, FLORIDA

STATE OF FLORIDA,
    Plaintiff,

                                    CASE NO.:  CR04-2954
vs.                             DIVISION:  11-A

MACKLE V. SHELTON,
    Defendant.
_____/

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF

**THIS MATTER** came before the Court for consideration on Defendant Mackle

Shelton's Motion for Postconviction Relief, filed on 22 August 2006, pursuant to Rule 3.850,

Florida Rules of Criminal Procedure. After reviewing the motion, file and record in this case,

and being otherwise advised in the premises, the Court finds as follows:

On 5 October 2004, Defendant was arrested and subsequently charged with eight counts:

Counts I - III – Aggravated Assault with a Deadly Weapon (Law Enforcement Officer); Count

IV – Delivery of Cocaine; Count V – Fleeing or Attempting to Elude a Law Enforcement

Officer; Count VI – Driving While License Suspended; Count VII – Reckless Driving; and

Counts VIII and IX – Criminal Mischief. Following a jury trial on 1 June 2005, he was found

guilty of Counts IV, V, VI, VII, and IX. He was found not guilty of Counts I, II, III, and VIII.

On 5 August 2005, he was sentenced as a habitual felony offender as follows: Counts VI, VII,

and IX – 60 days in the Osceola County Jail with 60 days credit for time served; Count IV – 18

years in the Department of Corrections with 305 days credit for time served; and Count V – 5

years in the Department of Corrections with 305 days credit for time served. The Court ordered

his sentence to run concurrent as to all counts and as to any other sentences. He appealed and the

Fifth District Court of Appeal per curiam affirmed. Shelton v. State, 932 So. 2d 242 (Table)

(Fla. 5th DCA 2006). The instant Motion followed.

Defendant raises 7 grounds for relief ranging from claims he is subject to an illegal sentence to allegations of ineffective assistance of counsel. In order to state a valid claim for ineffective assistance of counsel, a defendant must first identify particular acts or omissions by counsel that are shown to be outside the broad range of reasonable assistance under prevailing professional standards. Strickland v. Washington, 466 U.S. 668, 690 (1984). Second, he/she must demonstrate prejudice by showing a reasonable probability exists that, but for counsel's error, the result in the case would have been different. Id. at 694. A reasonable probability is one sufficient to undermine confidence in the outcome of the case. Id. The Court finds that Defendant has failed to meet his burden under the two-prong Strickland test .

## GROUND I

In Ground I, Defendant contends his 18 year sentence following his conviction for delivery of cocaine is "excessive for a strict liability offense." He argues the enactment of section 893.101, Florida Statutes (2002), removed "the mens rea requirement for commission of any of the various drug offenses under Florida law," thereby transforming delivery of cocaine into a strict liability offense. Further, he insists a sentence in excess of one year following a conviction for a strict liability offense violates the Due Process Clause of the United State Constitution.

Defendant is precluded from raising the instant claim in this postconviction proceeding as the claim could have been, should have been, or was raised on direct appeal. Significantly, it does appear in the Motion that Defendant acknowledges this claim was previously raised on direct appeal.[1] As such, he is procedurally barred from raising the claim again as the Fifth District Court of Appeal found it to be without merit. See Cook v. State, 792 So. 2d 1197, 1201 (Fla. 2001) (claims raised in motion for postconviction relief procedurally barred where such claims were previously raised on direct appeal and found to be without merit).

---

[1] In his Motion, Defendant indicates that only Grounds III-VII were not raised on direct appeal.

2

Accordingly, Defendant's claim for relief in Ground I is denied.

## GROUND II

In Ground II, Defendant claims his classification as a habitual felony offender resulted in an illegal sentence because delivery of cocaine is "an offense "related to" the possession of a controlled substance."

As the Fifth District Court of Appeal noted in Paul v. State, 830 So. 2d 953, 954 (Fla. 5th DCA 2002), section 775.084 "*only* requires that the felony for which the defendant is sentenced as an habitual offender and one of the two requires prior felony convictions *not* be a violation of section 893.13 (purchase or possession of a controlled substance)." Accordingly, the defendant in Paul was properly habitualized upon conviction for delivery of cocaine because his scoresheet stated "two prior convictions for sale of cocaine, as well as a conviction for sale of a counterfeit substance." Id.

Similarly, Defendant was properly habitualized upon his conviction for delivery of cocaine because, as the Court's 5 August 2005 Order Finding Defendant to be a Habitual Offender details, Defendant has received several felony convictions in the five years preceding the instant conviction for offenses not relating to the purchase or the possession of a controlled substance. As such, his sentence pursuant to section 775.084 is legal and his claim on this accord is without merit.

Additionally, as with Ground I, Defendant acknowledges this claim was previously raised on direct appeal. Thus, he is procedurally barred from raising the claim again as the Fifth District Court of Appeal found it to be without merit. Cook, 792 So. 2d at 1201.

Accordingly, Defendant's claim for relief in Ground II is denied.

## GROUND III

In Ground III, Defendant contends his counsel was ineffective for failing to object to the illegal sentence imposed following his conviction for delivery of cocaine. In support of this claim, he reasserts the arguments presented in Grounds I and II.

As explained previously, Defendant's sentence is legal because it does not exceed the statutory maximum sentence for a defendant who has been convicted of a second degree felony offense and has been classified as a habitual felony offender pursuant to section 775.084. Further, he is procedurally barred from raising claims that could have been, should have been, or were raised on direct appeal. Interjecting allegations of ineffective assistance of counsel in a postconviction motion is insufficient to overcome a procedural bar as to claims that should have been, or were, raised on direct appeal. See generally Ventura v. State, 794 So. 2d 553, 560, n. 6 (Fla. 2001).

Accordingly, Defendant's claim for relief in Ground III is denied.

## GROUND IV

In Ground IV, Defendant contends his counsel was ineffective for failing to object to improper comments, related to the delivery of cocaine charge, made by the prosecutor during closing arguments. He argues several comments by the prosecutor: 1) improperly expressed the prosecutor's personal opinion; 2) improperly attacked Defendant's credibility; and 3) improperly bolstered the credibility of state witnesses. He insists the cumulative effect of these comments violated his right to a fair and impartial trial. He further asserts that had counsel objected to such comments, the result of the proceedings would be different.

Following a review of the comments Defendant cites as improper, and after examining the testimony presented at trial and the closing arguments as a whole, the Court concludes Defendant's claim is without merit. As to Defendant's contention the prosecutor improperly offered personal opinions, the Court notes that the comments Defendant lists as personal

4

opinions are not personal opinions at all. Rather, the prosecutor was merely relating to the jury

what the evidence presented at trial showed. See Robinson v. State, 610 So. 2d 1288, 1290 (Fla.

1992)(explaining that the function of closing argument is to review the evidence presented and

elucidate inferences that may be reasonably drawn from the evidence).

Additionally, the Court does not find that the prosecutor improperly attacked

Defendant's credibility by stating his testimony was "fascinating beyond belief," or by inferring

his testimony was unbelievable. In view of the evidence presented, such comments did not

exceed the bounds of proper argument. As the Florida Supreme Court stated in Craig v. State,

510 So. 2d 857, 865 (Fla. 1987):

> [w]hen counsel refers to a witness or a defendant as being a "liar," and it is understood
> from the context that the charge is made with reference to testimony given by the person
> thus characterized, the prosecutor is merely submitting to the jury a conclusion that he is
> arguing can be drawn from the evidence. It was for the jury to decide what evidence and
> testimony was worthy of belief and the prosecutor was merely submitting his view of the
> evidence to them for consideration. There was no impropriety. We have reviewed the
> entire closing argument of the prosecutor at the guilt phase of the trial in light of
> appellant's other contentions of impropriety and conclude that nothing was said or done
> that deprived appellant of a fair trial.

Given the evidence presented at trial demonstrating Defendant's guilt on the delivery of cocaine

charge, and because of contradictions in Defendant's testimony, it was reasonable for the

prosecutor to argue that the jury could decide Defendant's testimony was unbelievable. See Fla.

Std. Jury Instr. (Crim.) 3.9; (Trial Transcript 187-8, 196, 274-6, 279, 291).

Further, the Court does not believe the prosecutor's comments as to state witness Jerry

Yon (Yon) so bolstered the testimony of said witness that Defendant was deprived of a fair trial.

Admittedly, courts are sensitive to comments made by counsel that tend to bolster a witness's

testimony by suggesting that witness has absolutely no interest in the outcome of the case. See

e.g. Servis v. State, 855 So. 2d 1190, 1194-5 (Fla. 5th DCA 2003). In the instant case, the

prosecutor twice indicated that Yon had nothing to gain by testifying and called upon the jurors to evaluate his demeanor on the stand.[2] (Trial Tr. 314-5; 321).

While the prosecutor's two statements may be considered close to the line separating impermissible comments from permissible ones, the Court does not believe the comments exceed the bounds of proper argument. As the Florida Supreme Court explained in Ruiz v. State, 743 So. 2d 1, 4 (Fla. 1999), the role of an attorney in closing argument is to assist jurors in evaluating and analyzing the evidence presented at trial. An attorney may state his/her contentions as to the conclusions jurors should draw from the evidence. Id. In the present case, the Court finds that the prosecutor was merely relating to the jury what Yon said on the stand[3], and what conclusions the jurors should draw from his testimony, his demeanor on the stand, and the evidence presented at trial as a whole.

Finally, the Court finds no merit in Defendant's contention that the cumulative effect of the prosecutor's comments violated his right to a fair and impartial trial. As discussed above, this Court does not find any of the prosecutor's comments to be improper. However, should a reviewing court find any of the statements to be improper, this Court would suggest it cannot be shown that the comments' impact deprived Defendant of a fair trial. As no objections were lodged against the comments at trial, a reviewing court must "determine whether the comments were so prejudicial as to constitute fundamental error." Servis, 855 So. 2d at 1193. "Fundamental error in closing arguments occurs when the prejudicial conduct in its collective import is so extensive that its influence pervades the trial, gravely impairing a calm and dispassionate consideration of the evidence and the merits by the jury." Id., quoting Silva v.

---

[2] Notably, defense counsel not only argued to the jury that law enforcement had an interest in the outcome of the case, but also that nothing Yon testified to was believable. (Trial Tr. 300, 307).
[3] During cross examination, Yon indicated he was subpoenaed to testify truthfully at trial and that he had nothing to gain by testifying. (Trial Tr. 210).

<u>Nightingale</u>, 619 So.2d 4, 5 (Fla. 5th DCA 1993). Simply put, Defendant is unable to show, and this Court does not believe, that fundamental error occurred.

Accordingly, Defendant's claim for relief in Ground IV is denied.

GROUND V

In Ground V, Defendant contends counsel was ineffective for failing to point out to the jury in closing arguments that it was possible Yon's girlfriend could have provided Yon with the cocaine Defendant was charged with delivering to Yon. He claims the following "key evidentiary facts" would have demonstrated to the jury that reasonable doubt existed as to Count IV: 1) the fact Officer Black did not testify that he searched Yon's girlfriend for contraband; and 2) the fact Officer Black was not able to constantly monitor Defendant, Yon, and Yon's girlfriend during the drug transaction.

Defendant's contention on this accord is merely speculative. This Court finds that even had counsel commented on Officer Black's supposed failure to search Yon's girlfriend and Officer Black's relative inability to monitor all three aforementioned individuals, it still cannot be shown that the result of the trial would have been different. <u>See Stewart v. State</u>, 481 So. 2d 1210, 1212 (Fla. 1985)(defendant's argument that additional testimony would have changed the outcome of the proceedings was speculative and thus defendant unable to prove second prong of <u>Strickland</u> test). Such comments would not directly refute Yon's testimony that Defendant delivered cocaine to him, nor would they be sufficient to establish reasonable doubt.

Accordingly, Defendant's claim for relief in Ground V is denied.

GROUND VI

In Ground VI, Defendant contends counsel failed to effectively cross examine two state witnesses. Specifically, he asserts that the testimony of Officers Berry and Black improperly led the jury to believe that each officer was privy to the telephone conversation held between Yon and himself. He insists counsel should have pointed out through cross examination of the

officers that only Defendant and Yon knew precisely what Defendant said on the telephone. He argues the outcome of the trial would have been different had counsel done so.

The Court does not agree with Defendant that the testimony of Officers Berry and Black improperly led the jury to believe the officers were privy to his portion of the telephone conversation with Yon. Rather, the officers simply related their recollection of the events that transpired on the date the incident occurred. (Trial Tr. 92-3, 128).

At any rate, Defendant has not satisfied prejudice prong of <u>Strickland</u>. <u>See generally</u> <u>Pietri v. State</u>, 885 So. 2d 245, 256 (Fla. 2004)(a court that considers an ineffective assistance of counsel claim need not make a specific ruling on the performance prong of the <u>Strickland</u> test if it is clear the prejudice prong has not been satisfied). Again, Defendant's contention is marked by great speculation and hindsight; thus the Court concludes that Defendant is unable to demonstrate how counsel's failure to cross examine the officers on this specific issue so thoroughly affected the case that the ultimate outcome was undermined. <u>See generally</u> <u>Brown v. State</u>, 846 So. 2d 1114, 1121 (Fla. 2003)(counsel's cross-examination did not constitute ineffective assistance because matters raised as examples of insufficient impeachment were relatively insignificant, and defendant's argument was essentially a hindsight analysis).

Accordingly, Defendant's claim for relief in Ground VI is denied.

## GROUND VII

In Ground VII, Defendant does not offer a new claim for relief. Instead he argues the cumulative effect of counsel's errors deprived him of a fair and impartial trial.

As this Court has found each of Defendant's individual claims to be insufficient under <u>Strickland</u>, the Court sees fit to deny his claim of cumulative error as well. <u>See</u> <u>Brown</u>, 846 So. 2d at 1126.

Accordingly, Defendant's claim for relief in Ground VII is denied.

Therefore, it is **ORDERED AND ADJUDGED:**

1.  Defendant's Motion for Postconviction Relief is hereby **DENIED**.

2.  Copies of the following documents are attached to this Order and incorporated by reference: Relevant Portions of Trial Transcript; 25 May 2005 Habitual Felony Offender Notice; and 5 August 2005 Order Finding Defendant to be Habitual Felony Offender.

3.  Defendant is advised that he may file an appeal in writing within 30 days of the date of rendition of this Order.

4.  The Clerk of Court shall promptly serve a copy of this Order upon Defendant, including an appropriate certificate of service.

**DONE AND ORDERED** in Chambers in Kissimmee, Osceola County, Florida this ___8___ day of November, 2006.

SCOTT POLODNA
**Circuit Judge**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Order has been provided via interoffice mail or by U.S. Mail to: **Mackle Shelton**, Inmate #10397, New River Correctional Institution, 7819 N.W. 228th Street, Raiford, Florida 32026-3500; and to the **Office of the State Attorney**, 2 Courthouse Square, Suite 3500, Kissimmee, Florida 34741, this ___8___ day of November, 2006.

Judicial Assistant