UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MACKLE VINCENT SHELTON,

    Petitioner,

v.                                       CASE NO. 6:07-cv-839-Orl-31KRS

JAMES McDONOUGH, et. al.,

    Respondents.
_____/

## RESPONSE TO PETITION

COME NOW the Respondents, by and through the undersigned Assistant Attorney General pursuant to Rules 4 and 5, <u>Rules Governing Section 2254 Cases in the United States District Courts</u>, and file this response to the Petition for Writ of Habeas Corpus pursuant to the Order of this Court, respectfully requesting that all relief be denied.

## JUDICIAL CONFLICT STATEMENT

No U.S. District Judge or Magistrate was involved in any of Petitioner's state court proceedings.

## PROCEDURAL AND FACTUAL HISTORY

Petitioner ("Shelton") was charged in an amended information with three counts of aggravated assault with a deadly weapon, one count of fleeing or attempting to elude a law enforcement officer ("LEO"), delivery of cocaine, two counts of criminal mischief, driving while license suspended, and reckless driving causing damage to property or a person. (A 139-147) These charges stemmed

from an attempt by undercover officers to arrest Shelton on an outstanding warrant. The evidence presented during the jury trial revealed that Shelton was ordered out of his vehicle at gunpoint but Shelton put his car in reverse, rammed the vehicle behind him, and hit another vehicle as he left the area. (B 100-104) One shot into the fleeing vehicle struck Shelton in the shoulder. (B 252-257) Shelton was acquitted of the aggravated assault charges and one criminal mischief charge, but was convicted of the remaining 5 charges.

On appeal an <u>Anders</u> brief was filed and Shelton filed his own *pro se* supplemental brief raising four issues: (1) that he was denied due process when he was not permitted to file a motion to correct sentence while on appeal; (2) improper prosecutorial comments at trial; (3) that his sentence was illegal, and (4) that his habitual felony sentence was prohibited by statute. (Exhibit c) The State declined to file an answer brief and the appellate court entered its *per curiam* affirmance on June 13, 2006. (Exhibit D) Mandate issued June 30, 2006. (Id.)

Shelton then filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 raising seven issues: (1) that his sentence was illegal, (2) that his habitual felony offender classification was illegal; and that counsel was ineffective for (3) failing to raise the illegal sentence issues, (4) failing to object to prosecutorial misconduct in closing, (5)

failing to properly argue reasonable doubt, (6) failing to effectively cross-examine state witnesses, and (7) for cumulative errors caused by counsel's lack of effectiveness. Grounds (4) through (7) expressly pertained only to Count 4 of the information, the delivery of cocaine offense. (Exhibit E)

The trial court denied the motion, specifically ruling that Grounds 1, 2, and 3 were procedurally barred. The remaining grounds were denied on their merits. (Exhibit F) Shelton filed an initial brief on appeal (Exhibit G) and the State declined to file an answer brief. On March 6, 2007 the appellate court issued its *per curiam* affirmance. (Exhibit H) Mandate issued March 6, 2007. (Id.)

Shelton next filed the pending petition for federal *habeas corpus* relief raising nine grounds. These grounds are substantially the same as the ones raised in Shelton's Rule 3.850 motion, with the addition of one ground relating to procedural due process in his direct appeal.

## ONE-YEAR TIME LIMITATION

Shelton's petition is timely under the AEDPA.

## EVIDENTIARY HEARING

Shelton is not entitled to an evidentiary hearing because all of his allegations are refuted by the record. No evidentiary hearing was held on Petitioner's motion for post-conviction relief. None was required as the record on appeal refuted his claims.

Respondents acknowledge that the doctrine of Townsend v. Sain, 372 U.S. 293 (1963) once mandated an evidentiary hearing whenever material facts were in dispute and the petitioner did not receive a full and fair hearing in state court. An evidentiary hearing was unnecessary; however, if it could be conclusively determined from the record that a petitioner's claim was without merit. Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991). However, the enactment of the Antiterrorism Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. section 2254(e) now governs evidentiary hearings in federal habeas corpus cases. Pursuant to section 2254(e)(1), "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

Furthermore, in federal habeas proceedings, factual determinations of the state courts are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1). A petitioner must rebut this presumption by clear and convincing evidence, and a federal court may not issue a writ of habeas corpus unless the state decision was based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d)(2); Carter v. Johnson, 110 F.3d 582, 590-592 (5th Cir. 1997). The record in this case is sufficiently

clear for this Court to resolve Petitioner's claims on the basis of the record itself without further evidentiary development. Diaz, 930 F.2d at 834.

## EXHAUSTION/PROCEDURAL BAR

Ground 3 of Shelton's petition alleges ineffective assistance of counsel for failure to object to his allegedly illegal sentences. This claim was ruled procedurally barred by the trial court. (F 4) The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims, or (2) are not exhausted but would clearly be barred if returned to state court. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). Federal courts may not address claims that have not been presented in state court if the state court would find the claims procedurally defaulted. Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993).

When a procedural default bars state litigation of a court claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and prejudice. Such a finding must be based on the determination that a miscarriage of justice was suffered. Jarrell v. Balkcom, 735 F.2d 1242, 1259 (11th Cir. 1984), cert. denied 471 U.S. 1103 (1985). Shelton has neither shown nor even alleged cause or prejudice for the default nor has he shown that a fundamental miscarriage of justice will occur. Teague v. Lane, 489

U.S. 288, <u>rehearing</u> <u>denied</u>, 490 U.S. 1031 (1989). There is no miscarriage of justice in this cause.

## ARGUMENT ON THE MERITS

In the alternative, all the grounds raised in the petition are conclusively refuted by the record and thus shall be discussed below:

In <u>Ground 1</u> Shelton claims that his 18 year sentence on the delivery of cocaine offense is excessive and illegal because state law abrogated the *mens rea* requirement. This issue was raised on direct appeal and is purely a matter of state law. Such a state law issue is not cognizable in federal court. A *habeas* petition grounded on such issues of state law has no basis for habeas relief. <u>Branan v. Booth</u>, 861 F.2d 1507, 1508 (11th Cir. 1988); <u>Carrizales v. Wainwright</u>, 699 F.2d 1053, 1054-55 (11th Cir. 1983). Specifically, federal courts cannot review a state's failure to adhere to its own state sentencing guidelines. <u>Branan</u>, 861 F.2d at 1508. The only method for attacking a state sentence in a *habeas corpus* petition is by demonstrating that the trial court "lacked jurisdiction to impose it or committed a constitutional error that made the sentence or underlying conviction fundamentally unfair." <u>U.S. ex rel. Winston v. Page</u>, 955 F.Supp. 952, 958 (N.D.Ill. 1997). The denial of this State claim was affirmed on appeal. Shelton's sentence is not illegal in the eyes of the state courts, and

federal courts cannot substitute their judgment regarding the appropriate length of a state sentence.

To the extent that Shelton claims Florida law has abrogated the "*mens rea*" or knowledge requirement of drug offenses, he is incorrect. Section 893.101, Florida Statutes (2002) creates only a presumption of knowledge and allows the accused to present the affirmative defense of lack of knowledge. This is therefore clearly *not* a "strict liability" offense. Additionally, section 893.101 has been upheld against challenges based on the due process clause. See Wright v. State, 920 So.2d 21 (Fla. 4th DCA), rev. denied, 915 So.2d 1198 (Fla. 2005); Burnette v. State, 901 So.2d 925 (Fla. 2d DCA 2005); see also Reynolds v. State, 842 So.2d 46, 47-8 (Fla. 2002)(quoting State v. Gray, 435 So.2d 816, 819-20 (Fla. 1983), Harris v. State, 932 So.2d 551, 552 (Fla. 1st DCA 2006). Thus, there is no basis for federal habeas relief.

In Ground 2 Shelton again attacks his sentence, claiming that it was illegal to impose a habitual felony sentence for an offense allegedly "related to" drug possession. Again, this is purely a matter of state law. The State relies on the identical argument used in the preceding ground. This is a state sentencing issue. Moreover, it is well-established in Florida law that a habitual offender sentence for the delivery of cocaine is permissible. See Williams v. State, 667 So.2d 914, 915 (Fla. 3d DCA 1996)(habitual offender adjudication permissible where defendant was convicted of

7

violation of section 893.13, Florida Statutes, for sale or delivery [rather than purchase or possession] of cocaine.) This claim must be denied.

In Ground 3 Shelton claims that counsel was ineffective for failing to challenge the allegedly illegal sentences in Grounds 1 and 2. However, Shelton has failed to prove that the sentences are illegal. Consequently, counsel cannot be ineffective for failing to preserve or raise a non-issue. Florida courts have ruled that the sentences are legal. Therefore, even if it can be construed that counsel was somehow deficient, there is absolutely no evidence of prejudice. Shelton raised the illegal sentence claims on direct appeal to no avail. Thus there is no prejudice.

In Grounds 4 and 5 Shelton argues that improper comments by the prosecutor in closing argument violated his right to a fair trial. This issue was raised in the supplemental initial *pro se* brief filed by Shelton in his Anders appeal. And then in Ground 5 he argues that counsel was ineffective for failing to object to the allegedly improper comments. A review of the comments which Shelton redacts in his petition is unconvincing. A prosecutor is permitted to argue reasonable inferences from the evidence, including comments which are relevant to the essential elements of the charged crime. Thus, it is proper to argue to a jury that the defendant "went to" the scene with intent to commit the crime, and that he delivered the contraband. While it may be too blunt to

8

call the defendant a "liar," it is appropriate to describe the testimony of a witness as "beyond belief" or "fascinating beyond belief." It is also permissible to comment on any witnesses' bias.

The trial court denied Shelton's Rule 3.850 motion because the court found that the comments which were described as "personal opinion" by Shelton were not personal opinion at all. "Rather, the prosecutor was merely relating to the jury what the evidence presented at trial showed." (F 4-5) Moreover, the trial court pointed out that Shelton's version of events was so inconsistent with that of the State's witnesses that the comments by the prosecutor were reasonable argument.

Thus, the prosecutor's closing argument consisted of permissible and reasonable comments on the evidence; and counsel cannot be deemed ineffective for failing to object to permissible argument. This claim must clearly be denied.

In <u>Ground 6</u> Shelton argues that counsel was ineffective for failing to suggest that the confidential informant's ("CI") girlfriend may have provided the drugs to the CI because she was not searched prior to the drug deal. As noted by the trial court, this claim is merely speculation. Moreover, the trial court properly found that even if trial counsel had pointed out this fact, it would not reasonably have altered the result in this case. The CI testified that it was Shelton who supplied the drugs, and it is virtually inconceivable that a third person gave drugs to the CI

9

after the CI gave the drug money to Shelton.  This claim would not have assisted Shelton at trial.

In Ground 7 Shelton argues that counsel was ineffective for failing to cross-examine Deputies Berry and Black to ascertan that no one had heard Shelton talk on the phone.  Shelton alleged that the trial testimony of the officers improperly led the jury to believe that the officers heard Shelton's end of the telephone conversation.  The trial court made a factual finding directly in contravention of Shelton's claim.  (F 8)  Moreover, the trial court found there was no prejudice proven because the claim was again "marked by great speculation and hindsight."  (Id.)

The outcome of this issue and the other issues which are based on factual findings is controlled by the United States Supreme Court decision of Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) which clarified the nature of review under 28 U.S.C. 2254(d).  Habeas relief from a state court judgment may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See 28 U.S.C. § 2254(d).

In <u>Williams</u>, the United States Supreme Court rejected the "reasonable jurist" standard adopted by the Eleventh Circuit in <u>Neelley v. Nagle</u>, 138 F.3d 917 (11th Cir. 1998). Instead the <u>Williams</u> Court determined that a "federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." <u>Id</u>. at 411, 120 S.Ct at 1522. The state court's application must also be unreasonable. <u>Id</u>.

Therefore, §2254(d) requires the Court to make two types of judgments in the process of adjudicating legal issues; (1) the Court must decide whether there is a qualifying state court decision; and (2) if so, the application should not be granted with respect to the claim unless the state court decision was (a) contrary to, or involved an objectively unreasonable application of, a clearly established United States Supreme Court decision or (b) based on an unreasonable determination of the facts. <u>See</u> <u>McLee v. Angelone</u>, 967 F.Supp. 152, 156 (E.D. Va. 1997), <u>appeal dismissed</u>, 139 F.3d 891 (4th Cir. 1998).

Here, of course, there is clearly a qualifying state court decision. The factual findings are reasonable and supported by the evidence adduced at trial. Thus, the claims which the trial court found merely speculative or unsupported by the evidence, such as the improper cross-examination claim in Grounds 6 and 7, are not

11

clearly erroneous or unreasonable. Therefore, the claims must be denied.

In Ground 8 Shelton argues that the cumulative effect of all counsel's errors deprived him of a fair trial. However, the trial court found no error. Consequently, there is insufficient cumulative error to justify reversal. The State suggests that Shelton would not only have to prove numerous errors – he would have to show that each of them were prejudicial to the point of undermining confidence in the result. Clarifying that the officers did not hear Shelton talk on the phone or that the CI's girlfriend "might" not have been searched would not lead to an acquittal. This claim, which relies on the proof of a high number of prejudicial errors, must be denied.

In Ground 9 Shelton raises a strictly procedural claim that the state appellate court denied him the right to file a motion to correct illegal sentence in the trial court. This is purely a state procedural matter. First, Shelton's motion was untimely. Pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) the motion to correct sentence in the trial court must be "served" prior to the filing of the initial brief on appeal. The initial Anders brief in the direct appeal was filed in March, 2006. (C 15) The "motion for leave to file a Rule 3.800 motion pending appeal" was not filed until April 10, 2006. (Exhibit I) Thus, it was procedurally denied. Secondly, the issues Shelton wanted to raise

in the motion were raised in his supplemental <u>Anders</u> brief on the direct appeal. Lastly, a Rule 3.800 motion to correct illegal sentence may be made at any time; thus Shelton has not established he was prejudiced. Moreover, even if he is correct, the error does not entitle him to immediate release. This claim must fail.

As discussed earlier in this response, in a § 2254 proceeding a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. Shelton has not shown by clear and convincing evidence that the factual findings below are in error.

The United States Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), established a two part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. Id. at 687-88.

This Court should deny the petition. This response is filed this date pursuant to Federal Rule of Civil Procedure 6(e). The Appendix will be collated and copied and filed within 30 days.

WHEREFORE, based upon the arguments presented herein, Respondents respectfully request this Honorable Court to deny the petition with prejudice.

        Respectfully submitted,

        BILL McCOLLUM
        ATTORNEY GENERAL

        /s Carmen F. Corrente
        CARMEN F. CORRENTE
        ASSISTANT ATTORNEY GENERAL
        Fla. Bar #304565
        444 Seabreeze Boulevard
        Fifth Floor
        Daytona Beach, FL 32118
        FAX: (386) 238-4997
        TEL: (386) 238-4990

        COUNSEL FOR RESPONDENTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing response to petition in case number 6:07-cv-839-Orl-31KRS has been electronically filed this date by using the CM/ECF system. I further certify that I furnished a copy of this response via U.S. Mail to Mackle Vincent Shelton, DOC# X10397, New River West Correctional Institution, 7819 N.W. 228th Street, Raiford, FL 32026-3500 this 4th day of September, 2007.

        /s Carmen F. Corrente
        CARMEN F. CORRENTE
        ASSISTANT ATTORNEY GENERAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MACKLE VINCENT SHELTON,

    Petitioner,

v.                                  CASE NO. 6:07-cv-839-Orl-31KRS

JAMES McDONOUGH, et. al.,

    Respondents.
_____/


<u>APPENDIX</u>


                                              BILL McCOLLUM
                                              ATTORNEY GENERAL

                                              CARMEN F. CORRENTE
                                              ASSISTANT ATTORNEY GENERAL
                                              Fla. Bar #304565
                                              444 Seabreeze Boulevard
                                              Fifth Floor
                                              Daytona Beach, FL   32118
                                              FAX: (386) 238-4997
                                              TEL: (386) 238-4990

                                              COUNSEL FOR RESPONDENTS

INDEX TO APPENDIX

| DOCUMENT | EXHIBIT |
|---|---|
| RECORD ON DIRECT APPEAL | A |
| TRANSCRIPT OF TRIAL | B |
| BRIEFS ON DIRECT APPEAL | C |
| 5TH DCA PCA AND MANDATE | D |
| RULE 3.850 MOTION | E |
| ORDER DENYING RULE 3.850 MOTION | F |
| INITIAL BRIEF ON RULE 3.850 APPEAL | G |
| 5TH DCA PCA AND MANDATE | H |
| DENIAL OF MOTION FOR LEAVE TO FILE RULE 3.800 CLAIM PENDING APPEAL | I |