IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2007 NOV -8 PM 3: 25

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**MACKLE VINCENT SHELTON,**
Petitioner,

v.   Case No. 6:07-cv-839-Orl-31KRS

**SECRETARY, FLA. DOC, et al.,**
Respondents.
_____/

**PETITIONER'S REPLY TO RESPONSE
TO PETITION FOR WRIT OF HABEAS CORPUS**

**COMES NOW** the Petitioner, **MACKLE VINCENT SHELTON**, pro se and pursuant to Rule 5(e) of the Rules Governing Section 2254 Cases and the Order of this Court dated September 11, 2007 (Doc.10), files this Reply to Response to Petition for Writ of Habeas Corpus, stating:

**Preliminary Statement and General Traverse**

Respondent asserts Petitioner is entitled to no relief in this proceeding. Petitioner traverses all adverse factual and legal averments made by Respondent in support of that contention, as well as the assertion that no evidentiary hearing is necessary in this cause, and further replies more specifically as follows:

1

## Reply to Respondent's Assertion of Procedural Bar as to Ground 3

Before proceeding to the merits of Petitioner's claims, Respondent has first asserted this Court is without basis, absent a showing of cause and prejudice, to hear the merits of Petitioner's Ground 3 ineffective assistance of counsel claim. (Response, p.5). Respondent maintains that because the state court held Petitioner's claim procedurally barred, this Court must defer to that determination.

This is incorrect. A reviewing federal court will not rely upon a state court's erroneous procedural ruling. Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir.1995)(district court erroneously held claim procedurally barred based upon erroneous state court procedural ruling that claim should have been raised on direct appeal and thus not presentable under Rule 3.850); James v. Singletary, 957 F.2d 1562, 1575 (11th Cir.1992)(rejecting application of procedural bar where state court erroneously held claim not sufficiently pled); Kubat v. Thieret, 867 F.2d 351, 366 n.11 (7th Cir.)(where review by federal court shows petitioner did comply with procedural rule, there is no procedural default despite state ruling), cert.den., 493 U.S. 874 (1990).

In this instance, the state court erroneously held Petitioner's Ground 3 claim of ineffective assistance of counsel for failure to object to the imposition of an illegal sentence to be procedurally barred. Specifically, the state court held Petitioner's ineffective assistance of counsel claim to be "procedurally barred" on

2

the finding that the *underlying* issue of the illegality of Petitioner's sentence could or should have been raised on direct appeal.[1] (Respondent's Exhibit F, p.4).

The fact of whether or not Petitioner could or could not have presented his illegal sentence claims is irrelevant to the presentability of a claim of *ineffective assistance of counsel* in a subsequent motion for post-conviction relief. The Florida Fifth District so held in O'Connell v. State, 733 So.2d 556 (Fla. 5th DCA 1999), in addressing the matter of the subsequent presentability of an *independent illegal sentence claim* in a motion for post-conviction relief. While holding that an independent illegal sentence claim could not itself be presented in a subsequent motion for post-conviction relief, because of the restriction against presenting claims which could or should have been presented on direct appeal, this had no bearing on the presentability of the separate and different claim of *ineffective assistance of counsel for failing to object to an illegal sentence.*

---

[1] Respondent also does not inform this Court that Petitioner did attempt to present his illegal sentence claims on direct appeal. (See Petitioner's separately filed Appendices, Exhibit A – Petitioner's direct appeal "Pro se (Anders) Brief of Appellant," pp. 15, 21). Importantly, Respondent further does not inform this Court that he was precluded from preserving his claim for direct appeal by virtue of the Florida Fifth District Court of Appeal's decision in Rodriguez v. State, 881 So.2d 671 (Fla. 5th DCA 2004)(prohibiting a pro se Ander's appellant from preserving illegal sentence claims under Rule 3.800(b)(2)). (See Petitioner's separately filed Appendices, Exhibit B – Petitioner's direct appeal Motion for Leave to File Rule 3.800(b)(2) Motion to Correct Sentencing Error; and Exhibit C – Fifth District Court of Appeal Order denying leave to file Rule 3.800(b)(2) motion). Thus, as in O'Connell, Petitioner had little choice but to raise a claim of ineffective assistance of counsel for failing to *object to an illegal sentence.*

Specifically, the Fifth District in O'Connell stated:

> "However, O'Connell correctly points out that since trial counsel did not object to the alleged sentencing error, these issues could not have been addressed on appeal. ***Thus, logically, the failure to preserve sentencing errors should be allowed to establish a claim for ineffective assistance of counsel.***"

O'Connell v. State, 733 So.2d at 557 (emphasis supplied).

This is entirely consistent with governing Florida post-conviction law. See: Bruno v. State, 807 So.2d 55, 63 (Fla.2001)(even if underlying basis of claim of ineffective assistance of counsel might have supported independent issue on direct appeal, such does not preclude presentation of ineffective assistance of counsel claim itself, as claim of ineffective assistance is distinct and may be presented only on motion for post-conviction relief).

Thus, it was patently incorrect for the state court to have held Petitioner's Ground 3 claim of *ineffective assistance of counsel* not cognizable as a Rule 3.850 claim on the basis the *underlying issue of the claim* could or should have been presented on direct appeal. Consequently, this Court owes no deference to, and cannot as a matter of law rely upon, the erroneous state court procedural bar. Upshaw v. Singletary; James v. Singletary, supra.

# GROUND 1 REPLY: PETITIONER'S COUNT 4 – DELIVERY OF COCAINE SENTENCE OF 18 YEARS IS UNCONSTITUTIONAL AS EXCESSIVE FOR A STRICT LIABILITY OFFENSE

Respondent contends Petitioner's claim does not present a cognizable federal claim as such "is purely a matter of state law." (Response, p.6).

It is difficult to understand how Respondent justifies such position where Petitioner's has steadfastly throughout asserted the error subject of his claim as rendering his sentence "unconstitutional" and, more specifically, in violation of due process. Specifically, as argued by Petitioner (see Petitioner's separately filed Appendices, Exhibit A – Petitioner's direct appeal "Pro se (Anders) Brief of Appellant," pp.15-20, the contents of which are adopted and incorporated herein by reference), it is under governing *federal constitutional law* that his sentence is illegal in being excessive for a strict liability offense. This clearly presents an issue cognizable on federal habeas corpus review.

Federal courts clearly have jurisdiction to determine whether a state sentence violates the dictates of the federal constitution. "Although wide discretion is accorded a state court's sentencing decision and claims arising out of that decision are not generally constitutionally cognizable, relief may be required where the petitioner is able to show that the sentence imposed exceeds or is outside statutory limits, or is wholly unauthorized by law." Haynes v. Butler, 825 F.2d 921, 923-24 (5th Cir.1987), citing Bozza v. United States, 330 U.S. 160, 166 (1947). See also

5

and cf. Apprendi v. New Jersey, 530 U.S. 466 (2000)(addressing and deciding question of whether enhanced sentence would violate due process and right to jury determination where based on sentencing scheme permitting judge to determine fact of sentencing enhancement factors).

Petitioner's claim here is entirely within the ambit federal habeas jurisdiction where it is directed to whether the sentenced imposed is excessive for a strict liability offense *in violation of the constitutional and federal authority* holding that a lengthy term of imprisonment is prohibited for such an offense. (See argument and authorities in Petitioner's separately filed Appendices, Exhibit A – Petitioner's direct appeal "Pro se (Anders) Brief of Appellant," pp.15-20).

Respondent is further incorrect that Section 893.101, Fla.Stat.(2002), is not a strict liability statute. (Response, p.7). The *state* authorities cited by Respondent, which "upheld [the statute] based on the due process clause" (see Response, p.7), neither addressed nor resolved the question of whether or not the removal of the *mens rea* knowledge element transmuted the offense of which Petitioner was convicted into a strict liability offense *under federal law*. Petitioner submits the removal of the knowledge element rendered the offense a strict liability offense. See and cf. United States v. Cordoba-Hincape, 825 F.Supp. 485 (E.D. New York 1993)(setting forth exhaustive analysis of constitutional dimensions of *mens rea* principle and strict liability offenses).

6

## GROUND 2 REPLY: PETITIONER'S COUNT 4 – DELIVERY OF COCAINE HABITUAL OFFENDER SENTENCE IS ILLEGAL AS NOT AUTHORIZED BY LAW WHERE DELIVERY OF COCAINE IS AN OFFENSE "RELATED TO" THE POSSESSION OF CONTROLLED SUBSTANCE, THEREBY VIOLATING DUE PROCESS

Respondent also contends this issue is not cognizable on federal habeas corpus review. (Response, p.7). This also is incorrect.

Petitioner's contention is that he has been sentenced by the Florida courts to an enhanced sentence, which, by its very terms, does not apply to him. This states a valid federal constitutional due process claim. Cf. Jones v. Arkansas, 929 F.2d 375, 378 (8th Cir.1991)(constitutional due process violation would result from state's sentencing of defendant as habitual offender under statute which did not apply on grounds of *ex post facto*).

Here also Petitioner has been sentenced as a habitual offender under a statute which does not apply, albeit for a different reason: that he simply does not qualify under the terms of the statute. (See legal argument and authorities in Petitioner's separately filed Appendices, Exhibit A – Petitioner's "Pro Se (Anders) Brief of Appellant," pp.21-23, adopted and incorporated here by reference).

Respondent is incorrect that "it is well-established Florida law that a habitual offender sentence for the delivery of cocaine is permissible" under authority of Willaims v. State, 667 So.2d 914 (Fla. 3d DCA 1996). (Response, p.7). It appears Respondent attempts to intentionally mislead this Court in misrepresenting that

7

Williams held habitual offender sentencing permissible for "delivery" of cocaine. (Response, pp.7-8). The decision in Williams addressed only whether habitual offender sentencing was permissible for "sale" of cocaine and in no manner held or decided the question of whether such was permitted for the different offense of "delivery." Importantly, as established by Petitioner's legal authorities, which are the controlling "well-established [] Florida law," a "sale" can be made without possession (and therefore an offense not necessarily "related to the possession of a controlled substance"), but not a "delivery," which requires possession to be accomplished (and thus an offense inseparably and inherently "related to the possession of a controlled substance" and therefore exempt from the parameters of the habitual offender statute). (See Petitioner's Appendices, Exhibit A – "Pro Se (Anders) Brief of Appellant," pp. 21-23).

## GROUND 3 REPLY: INEFFECTIVE ASSISTANCE OF COUNSEL – FAILURE TO OBJECT TO ILLEGAL SENTENCE (on grounds specified in Grounds 1 and 2)

Respondent contends this claim fails based on its argument that there is no illegality to Petitioner's sentence (as argued in their responses to Grounds 1 and 2) and that Petitioner "raised the illegal sentence claims on direct appeal to no avail." (Response, p.8).

Respondent overlooks that Petitioner's claims were not decided on direct appeal, because they had not (as one of the underlying factors of Petitioner's claim

of counsel's failure to object) been preserved for appeal. (See Petitioner's Appendices, Exhibits B and C – Petitioner's request on direct appeal for leave to filed Rule 3.800(b)(2) motion to preserve sentencing issues and denial of leave to do so). Despite that inability to preserve his sentencing issues for direct appeal, the state court then, when Petitioner presented his claims of ineffective assistance for failing to object to the illegal sentence in his Rule 3.850 motion, held that Petitioner should or could have presented his claims on direct appeal. This is a classic example of the "gotcha" rule.

As pointed out in Petitioner's replies to Grounds 1 and 2 above, there has been no Florida decisions which have resolved the specific illegal sentence claims he has asserted. The Florida courts avoided addressing those issues in Petitioner's proceedings ("gotcha" – Petitioner could not raise them on direct appeal, because he could not preserve them; Petitioner could not assert them, or a claim of ineffective assistance for failing to object, in his Rule 3.850 motion, because of the state court's contention he should have raised his claims on direct appeal).

Since Petitioner's claims have not been adjudicated by the state courts, this Court is to review those claims *de novo*. Graves v. Dretke, 442 F.3d 334, 339 (5th Cir.2006)(where claims are rejected by state courts on procedural grounds, section 2254(d) is inapplicable because they "were not adjudicated on the merits in the State court"); Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir.2002)(state court

9

denied claim on procedural grounds and "did not reach the merits ... [and t]hus, there is no state court decision on this issue to which to accord deference"; "when it is clear that a state court has not reached the merits of a properly raised issue, we must review it *de novo*").

Petitioner stands upon his legal arguments and authorities establishing his sentence to be illegal, and more particularly as unconstitutional in violation of due process (see Petitioner's Appendices, Exhibit A – "Pro Se (Anders) Brief of Appellant," pp.15-23; and Ground 1 and 2 replies above), which substantiates his claim of ineffective assistance by failing to object to his sentence on those grounds.

## **GROUNDS 4 AND 5 REPLY: IMPROPER PROSECUTORIAL COMMENTS AND INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO OBJECT TO COMMENTS**

As to these two claims (Ground 4 – raising independent claim of improper prosecutorial comments as raised and preserved on direct appeal; and Ground 5 – raising claim of ineffective assistance of counsel for failure to object to the improper comments at trial), Respondent simply avers, without citation to any legal authority, the comments to have been proper and fair arguments.

Respondent is incorrect and their contention the comments were proper flies in the face of clearly established law. The comments cannot be seriously contended as having not been: a) expressions of personal opinion and belief in the

guilt of Petitioner; b) attacks upon the testimony of Petitioner as not believable; and c) bolstering of the credibility of the State's witnesses. If further cannot be seriously contended that comments of these characters were not patently improper and prohibited. See Sempier v. State, 907 So.2d 1277, 1278 (Fla. 5th DCA 2005)(it is improper for prosecutor to express his or her personal opinion on the guilt of the accused and condemning comments virtually same as made in Petitioner's case here); D'Ambrosio v. State, 736 So.2d 44 (Fla. 5th DCA 1999)(same); Servis v. State, 855 So.2d 1190, 1193-95 (Fla. 5th DCA 2003)(condemning attack upon believability of defense and holding improper prosecutor's attempt to bolster credibility of State witnesses by arguing they had "nothing to gain"); Washington v. State, 687 So.2d 279, 280 (Fla. 2d DCA 1997)(unquestionably improper for prosecutor to state the defendant has lied); Davis v. Zant, 36 F.3d 1538, 1547 (11th Cir.1994)(prosecutor may not portray defense as a fabrication).

There is further no issue that these improper comments undermined the fairness and reliability of Petitioner's trial such as to vitiate Petitioner's due process and fair trial guarantees of the federal constitution and, thus, a violation of the clearly established federal law by the Supreme Court in Donnelly v. DeChristoforo, 416 U.S. 637 (1974).

In Petitioner's case, the evidence was hotly contested in a credibility contest between Petitioner and police informant Jerry Yon as to whether Petitioner met

11

Yon to deliver cocaine as claimed by Yon (see trial transcript "T" 187-88) [2] or, as testified by Petitioner, met Yon only to discuss a possible future sale of cocaine due to Petitioner's refusal to discuss potential transactions over the telephone. (T274-75). While Office Black testified he searched Yon and the vehicle prior to the meeting (T131), Officer Black did not testify to have searched Yon's girlfriend who accompanied Yon and Black to meet Petitioner (T204) or that he, who was lying down in the back seat (T134, 149), was able to maintain continual observation of Yon and his girlfriend in the front seat.

In this circumstance the jury, absent the improper comments by the prosecutor, would have likely had a reasonable doubt as to whether Petitioner was guilty of the charged offense of delivery of cocaine. It was a plausible reasonable doubt of guilt for the jury to reasoned it equally likely that Yon, whose credentials as a witness were far less than favorable in his "setting" up the alleged drug transaction to extricate himself from his own legal difficulties and gain the freedom of his girlfriend, obtained the cocaine from his girlfriend who was not searched to claim he obtained such from Petitioner. The facts of Petitioner's case were entirely consistent with a theory, and so the jury would have likely reasoned, that it was Yon's girlfriend who provided Yon, after his being searched and provided funds by Officer Black, with cocaine (possibly even that she and Yon had

---

[2] Trial Transcripts are located in Respondent's Appendix, Exhibit B.

obtained from Yon's earlier purchase of narcotics the police had first observed Yon making – T155) which Yon then used to claim to have obtained from Petitioner and Yon in return giving his girlfriend the funds provided by the police.

It is even more likely the jury would have entertained a reasonable doubt of guilt as to the charged delivery of cocaine – but for having been mispersuaded by the State's improper arguments – since the scenario pointed out above explained many of the critical unanswered questions at trial, such as:

a) Yon's inexplicable exiting of the vehicle at the meeting contrary to police orders (T128-30, 150);

b) The reason only a small portion of the amount Yon claimed would be delivered by Petitioner was turned over to Officer Black (T156); and

c) The reason no funds were recovered (T157-58).


**GROUND 6 REPLY: INEFFECTIVE ASSISTANCE OF COUNSEL – FAILURE TO ARGUE EVIDENCE ESTABLISHING A REASONABLE DOUBT AS TO COUNT 4 – DELIVERY OF COCAINE OFFENSE**

Respondent's argument is simply absurd that it would have been of no benefit to Petitioner for counsel to have argued the plausible theory of a reasonable doubt asserted by Petitioner. It was not "virtually inconceivable" that Yon's girlfriend may have provided the narcotics to Yon for Yon to use to falsely claim he had obtained from Petitioner. It was after all this same girlfriend's freedom

13

which was to be gained by Yon's "setting up" a narcotics transaction. Moreover, as pointed out in the preceding Ground 4 and 5 reply above, this theory is the only theory which plausibly explains the several key evidentiary questions which existed at trial.

This was far more than "mere speculation" as Respondent contends the state court reasonably concluded. Such finding, that Petitioner's theory was "merely speculation," is an unreasonable determination of the facts in the light of the evidence, therefore meeting the requirements of 28 U.S.C. 2254(d)(2).[3] The trial record plainly establishes that the theory which Petitioner asserts his attorney was deficient in failing to argue to the jury such as to establish a reasonable doubt of guilt was eminently reasonable and the only theory which provided a satisfactory and plausible explanation for the several key unanswered questions which existed in the circumstances.

There is little question Petitioner was entitled to a "well reasoned and sound defense," Johnson v. Estelle, 704 F.2d 232, 239 (5th Cir.), cert.den., 465 U.S. 1009 (1984), and that counsel therefore may render deficient performance in failing to

---

[3] The state court also unreasonable applied the controlling decision of Strickland v. Washington, 466 U.S. 668 (1984), in requiring Petitioner to have "shown that the result of the trial would have been different." (Respondent's Exhibit F, p.7). Strickland required only a "*reasonable probability* that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., 466 U.S. at 694 (e.s.).

present an effective closing argument to point out evidentiary facts to raise a reasonable doubt at to the guilt of the accused. Tejeda v. Dubois, 142 F.3d 18, 24-25 (1st Cir.1998).

Prejudice is also established. It is likely that, but for counsel's failure to point out these evidentiary facts, the jury would have had a reasonable doubt of guilt as to the Count 4 offense of delivery of cocaine and would have acquitted. The key issue of dispute at trial on the delivery charge hinged directly on whether the jury believed Yon's claim Petitioner delivered him cocaine (T187-88) or Petitioner's testimony that he did not (T274-75).

The State made particular effort to support Yon's version by eliciting testimony from Officer Black that he searched Yon and his vehicle "to make sure he did not have anything illegal or any other funds on him other from what we've given him." (T131). However, without argument to oppose that testimony – which Petitioner's attorney failed to do and which could have been accomplished by pointing out that no testimony was given of having searched Yon's girlfriend – such incorrectly misled the jury to assume therefrom that the cocaine Yon later produced from the alleged "transaction" could only have come from Petitioner. Yet, this was an unsupported assumption, because, as shown, the cocaine produced by Yon could just as easily come from Yon's girlfriend.

15

Additionally, had Petitioner's attorney pointed out the plausible theory of innocence which derived from those evidentiary facts, such would have been especially persuasive to the jury as, once again, the only theory offering a valid explanation for several key unanswered questions at trial, such as:

a) Yon's inexplicable exiting of the vehicle at the meeting when he was not supposed to (T128-30, 150);

b) the reason only a small portion of the amount of cocaine Yon claimed would be delivered was produced by Yon as a result of the claimed "transaction" (T156);

c) the reason no money was recovered (T157-58).

## GROUND 7 REPLY: INEFFECTIVE ASSISTANCE OF COUNSEL – FAILURE TO EFFECTIVELY CROSS-EXAMINE STATE WITNESSES TO ELICIT EXCULPATORY EVIDENCE AS TO COUNT 4 – DELIVERY OF COCAINE OFFENSE

Respondent here relies on the state court's "finding directly in contravention of [Petitioner's] claim." (Response, p.10). This finding, in being directly contradicted by the factual record, is not entitled any deference and is clearly an unreasonable determination of the facts in light of the evidence such as to satisfy the requirements of 28 U.S.C. 2254(d)(2).

The state court denied Petitioner's claim – asserting counsel to have failed to cross-examine Officer's Berry and Black to establish they were not, contrary to

16

what their testimony implied, privy to the telephone conversation between Petitioner and Yon in which Yon claimed Petitioner to have agreed to delivery Yon narcotics – on the basis it "d[id] not agree" that the testimony of Officers Berry and Black led the jury to believe they were privy to the telephone conversation. (Respondent's Exhibit F, p.8). This is expressly contrary to the trial record.

At trial, Officer Berry testified that after Yon agreed to cooperate they had Yon place a call to Petitioner for the purpose of having Petitioner meet Yon. (T93). Officer Black then testified that Yon had claimed he could purchase cocaine from Petitioner (T126), which resulted in Yon calling Petitioner to meet. (T132). Officer Black testified that: "<u>We</u> actually called him twice." (T132) (emphasis added).

That testimony by Officer Black was clearly of such character to cause the jury to believe that law enforcement was privy to the telephone conversation between Yon and Petitioner and had actually heard Petitioner agree to deliver cocaine to Yon. (See Officer Black's testimony at T128 – "Our initial plan was to do a purchase from E.L. for a hundred dollars of crack. <u>That's what the initial deal was set up for</u>").

Respondent's further reliance upon the state court's finding Petitioner would not have been prejudiced by the failure of counsel to cross-examine on this matter is also an unreasonable determination of the facts in light of the evidence. The

state court concluded that Petitioner could show no prejudice from this alleged deficiency of counsel, because it was simply "great speculation and hindsight." (Respondent's Appendix F, p.8). To the contrary, as plainly established by the factual circumstances of the case against Petitioner as documented in the factual record of the trail transcripts, the issue of what was allegedly said in the conversation between Yon and Petitioner was highly critical and heavily relied upon by the State as evidence of guilt.

Petitioner's testimony at trial was that while Yon did call to ask to purchase cocaine, he informed Yon that he did not have any and did not discuss those matters over the telephone, but would meet Yon to talk. (T274-75, 281, 285). The crux of prejudice to Petitioner from counsel's failure to elicit from Officers Berry and Black that they were not privy to the content of the discussion is that the jury, from the un-cross-examined testimony of Officers Berry and Black, were misled to believe that Yon's version *was corroborated by Officers Berry and Black* (i.e., that they had heard Petitioner agree to deliver cocaine to Yon). Thus, rather than being a matter of credibility between Yon and Petitioner on the issue of what was said during the telephone call, the issue was instead Petitioner's word against that of Yon *and Officers Berry and Black*, which, given that Officers Berry and Black were law enforcement, Petitioner was guaranteed to lose and thus be found guilty.

18

## GROUND 8 REPLY: INEFFECTIVE ASSISTANCE OF COUNSEL – CUMULATIVE EFFECT OF COUNSEL'S TRIAL DEFICIENCIES DENIED PETITIONER EFFECTIVE ASSISTANCE OF COUNSEL AND A FAIR AND IMPARTIAL TRIAL AND DUE PROCESS AS TO THE COURT 4 – DELIVERY OF COCAINE OFFENSE

Respondent relies only upon the premise of their argument there was no error as to any of the individual claims and, therefore, no cumulative prejudice. (Response, p.12). Petitioner asserts otherwise. As demonstrated herein in addressing Petitioner's individual claims Respondent is incorrect in their claim these independent claims have no merit. As such, the cumulative impact claim made here is viable and meritorious.

## GROUND 9 REPLY: DENIAL OF DUE PROCESS AND EQUAL PROTECTION WHERE PETITIONER WAS DENIED MEANS TO UTILIZE SENTENCING ERROR CORRECTION PROCEDURES OF FLA.R.CRIM.P. 3.800(B)(2).

Respondent contends this claim to be "purely a state procedural matter." (Respondent, p.12). This is not so. Petitioner's claims are clearly based upon the contention that the manner of the *State's operation of its procedures* violates his constitutional rights to due process and equal protection. This is categorically not a "state procedural matter," but rather clearly a matter of federal substance contrary to the rights recognized by the Supreme Court in Fuentes v. Shevin, 407 U.S. 67 (1972)(due process right in state procedures), and City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1972)(equal protection in state procedures).

19

## CONCLUSION

**WHEREFORE**, on basis of the foregoing argument and authorities and the grounds set forth in Petitioner's Petition for Writ of Habeas Corpus, it is respectfully submitted the requested Writ of Habeas Corpus should be, **GRANTED**.

Respectfully Submitted,

_____
Mackle Vincent Shelton, DC# X10397
New River West C.I.
7819 NW 228th St.
Raiford, FL 32026-3500

Petitioner, pro se

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been delivered to prison mail officials at New River West C.I., Raiford, Florida, for mailing by U.S. Mail to: **Carmen F. Corrente, Esq., Assistant Attorney General, 444 Seabreeze Blvd., 5th Fl., Daytona Beach, FL 32118**, on this 5th day of November, 2007.

_____
Mackle Vincent Shelton
Petitioner, pro se